Walter Richard **KYLE,** Plaintiff,

v.

Detective **PATTERSON,**
**et al.,** Defendants.

No. 95 C 137.

United States District Court,
N.D. Illinois,
Eastern Division.

March 17, 1997.

Walter Richard Kyle, II, Vienna, IL, pro se.

Michael Jay Marovich, Buikema, Hiskes, Dillner, O'Donnell & Marovich, Ltd., South Holland, IL, for Detective Patterson, Officers Bell, Porter, Box and Asken.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Walter Kyle has sued certain officers of the Harvey, Illinois, Police Department, alleging that on July 19, 1993 he was arrested without probable cause by the defendants and detained for three days before being brought before a judge and informed of the charges against him. Proceeding *pro se,* Kyle was granted leave to proceed in forma pauperis.

Defendants initially moved for summary judgment on Kyle's claim that he was arrested without probable cause. Defendants offered an excerpt of the transcript of a hearing on Kyle's motion to quash his arrest, showing that on September 21, 1995, Judge Wasilewski of the Circuit Court of Cook County had found that the police had probable cause to arrest Kyle. Because the denial of the motion was not a final judgment, a prerequisite for collateral estoppel, this court denied defendants' motion as premature.

Defendants responded with proof of Kyle's conviction and renewed their motion. The motion was again denied, because, although Kyle had initially litigated the issue of probable cause, he ultimately pleaded guilty. His guilty plea foreclosed appellate review of the determination of probable cause, and under Illinois law the trial court's finding of proba-

ble cause finding would not be given collateral effect.

Defendants have brought a third motion for summary judgment, this time offering the sworn testimony upon which Judge Wasilewski based his ruling. Defendants' motion also addresses the issue of Kyle's prolonged detention before he was charged. Defendants contend that (a) they are not to be blamed for the length of Kyle's detention, because they were waiting for the Assistant State's Attorney to prepare the charges against him, and (b) Kyle suffered no prejudice as a result of his extended detention.

### Summary Judgment Procedure

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court must consider the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmovant, and any doubts as to whether a genuine factual dispute exists must be resolved in favor of the non-moving party. *New Burnham Prairie Homes, Inc. v. Village of Burnham,* 910 F.2d 1474, 1477 (7th Cir.1990). However, once the movant has satisfied its initial burden, the nonmoving party then has the burden of coming forward with evidence demonstrating that there is a genuine issue to be tried to the factfinder. *Id.* A fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

█ Local Rules 12(m) and 12(n) of this court provide that a party moving for summary judgment must submit a statement listing the material facts it believes to be undisputed and which, taken together, entitle it to judgment as a matter of law. The other party must then respond specifically to these allegations, and, where it denies that a fact is undisputed, it must come forward with references to the record that support a contrary

finding. Defendants have not complied with the rule, simply calling the factual exposition at the beginning of their brief a "Rule 12M Statement Of Facts" without separating the narrative into numbered paragraphs.

### A. Arrest Without Probable Cause

█ Kyle does not dispute the defendants' account of the events leading to his arrest as set forth in testimony before Judge Wasilewski on August 10 and 30, 1995, Def. Exhs. A and B. Defendant Patterson, then a sergeant on the Harvey Police force, testified that on the afternoon of July 15, 1993, at 15235 South Page in Harvey, Illinois, a young man was shot in the stomach. He died later that evening. Patterson interviewed two witnesses to the shooting, Karen Alexander and Roselyn Hynes, who told him that they recognized the assailant as Walter Wheat, Jr. Def. Exh. A at 9–11.

Ronald Cross, a dispatcher for the Harvey Police Department, testified that he had lived in Harvey since 1971 and had known Kyle since late 1971 or early 1972. Cross knew that Kyle was also known as Walter Wheat. On July 15, 1993, while visiting his in-laws, Cross heard Kyle, who was on the sidewalk, declare in a "boisterous" tone of voice that he had "popped a m—— f—— up on 152nd and Page Street." Def. Exh. B at 10. Cross did not take it seriously at the time, but the next day at work he learned there had been a shooting on Page Street the day before. Cross spoke to defendant Sergeant Patterson about what he had heard. Told that the police were looking for a Walter Wheat, Jr., Cross told Patterson that Wheat's real name was Walter Kyle. *Id.* at 10–11.

Patterson put together a collection of photographs, including Kyle's, and showed them to Karen Alexander, who identified Kyle as the assailant. Patterson then composed a flyer with Kyle's picture on it and had it distributed. Def. Exh. A at 12–16.

On July 19, 1993, defendant Officer Bell was on patrol near 147th and Page in Harvey when he saw Kyle riding in a van with another man. Recognizing Kyle from the flyer as a murder suspect, Bell called for assistance,

stopped the van, and arrested Kyle. *Id.* at 23–26.

This account establishes that the flyer provided Bell with probable cause to arrest Kyle, and the information Patterson received from Alexander, Hynes and Cross justified Patterson's distributing the flyer. Kyle offers no argument to the contrary, and summary judgment is granted for defendants on Kyle's probable cause claim.

## B. Detention Before Charges

■ Kyle was arrested at about 6:00 p.m. on July 19, 1993, a Monday. The next day, July 20, the Cook County State's Attorney's office was called to review and approve murder charges. The charges were not approved until July 21, 1993 at about 5:30 p.m. It was too late to bring Kyle before a judge that day, so Kyle was brought to court for a bond hearing on July 22, 1993 at 7:30 a.m., and his case was heard at about 10:00 a.m. Patterson Aff., Def. Exh. E. Accordingly, 61 1/2 hours passed between his arrest and his appearance in court.

■ *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), held that the Fourth Amendment requires a prompt judicial determination of probable cause following a warrantless arrest. In *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), the Supreme Court held that a detention of less than 48 hours is presumed constitutionally acceptable unless the detainee can show that his presentment before a judge was unreasonably delayed. If a suspect is detained more than 48 hours, on the other hand, the government has the burden of demonstrating the existence of a bona fide emergency or other extraordinary circumstance justifying the delay. 500 U.S. at 56–57, 111 S.Ct. at 1669–70. The defendants have not offered any evidence of an emergency or extraordinary circumstance, and Kyle's detention therefore violated the Constitution.

■ Defendants contend that they cannot be liable because they brought Kyle before a judge promptly after charges were approved.[1] Def. Br. at 9. This is obviously not an acceptable excuse. While it is certainly understandable that defendants would not want to release Kyle, the Constitution does not permit a suspect to be kept indefinitely in custody until a prosecutor gets around to preparing charges. Nor can the defendants take the position that responsibility lies with the State's Attorney's office. Defendants, not the State's Attorney, were responsible for deciding whether to hold Kyle or release him.

■ Defendants next contend that there was no constitutional violation because Kyle suffered no "prejudice." The court is aware of no authority in support of this position. Defendants cite *People v. House,* 141 Ill.2d 323, 380–81, 152 Ill.Dec. 572, 598, 566 N.E.2d 259, 285 (1990), and *People v. Williams,* 230 Ill.App.3d 761, 779, 172 Ill.Dec. 445, 457, 595 N.E.2d 1115, 1127 (1st Dist.1992). These opinions dealt with a very different question, whether a confession obtained during a prolonged detention should be deemed involuntary. Defendants point out that Kyle did not confess nor demand an attorney during this period, but the state is not entitled to hold a suspect indefinitely without charging him even if he does not break down and confess. It does appear that Kyle suffered no real *detriment* as a consequence of his pre-presentment detention, but that goes to the question of damages, not the existence of the constitutional violation itself. Accordingly, defendants' motion for summary judgment must be denied as to the claim of unlawful pre-presentment detention.

■ The facts presented by the defendants would support summary judgment in Kyle's favor. Inasmuch as the defendants recognized that *McLaughlin* states the law and had an opportunity to present evidence that would bring them within its holding, it would not be unfair to enter summary judgment against them. Nevertheless, as summary judgment should not be entered *sua sponte* without warning, *Goldstein v. Fidelity and Guaranty Insurance Underwriters, Inc.,*

1. Defendants do not dispute that "they," without distinction, were responsible for Kyle's detention. The court will not enquire as to who actually had authority to release Kyle and chose not to do so while waiting for the State's Attorney's office to approve charges.

86 F.3d 749, 750–51 (7th Cir.1996), defendants may, if they wish, offer additional evidence or argument as to why summary judgment should not be entered against them on Kyle's detention claim.

While it appears that Kyle is entitled to judgment in his favor, it does not appear that he would be entitled to more than nominal damages. The evidence constituting probable cause for his arrest was certainly more than enough to hold him in custody. It is unlikely that Kyle would have been released on bail had he received a timely hearing, and Kyle does not claim that he was released on bail when his hearing was finally held.

 As far as it appears, Kyle's being charged a day late meant only that he spent that day in the police lockup rather than in Cook County Jail. No doubt the lockup is unpleasant, but so is the jail. A violation of a due process right guaranteed by the Constitution that leaves the plaintiff no worse off entitles him to nominal damages, but only nominal damages. *See Carey v. Piphus,* 435 U.S. 247, 260, 98 S.Ct. 1042, 1051, 55 L.Ed.2d 252 (1978); *Smith v. City of Chicago,* 913 F.2d 469, 472–73 (7th Cir.1990), cert. denied, 501 U.S. 1217, 111 S.Ct. 2824, 115 L.Ed.2d 994; *Willis v. Bell,* 726 F.Supp. 1118, 1126 (N.D.Ill.1989) (Shadur, J.), affirmed, but reversing award of attorney's fees, 999 F.2d 284 (7th Cir.1992); cert. denied sub nom. *City of Chicago v. Willis,* 510 U.S. 1071, 114 S.Ct. 879, 127 L.Ed.2d 74 (1994).

Just as the defendants are being given a second chance to avoid judgment against them on the matter of liability, Kyle will be given a second chance to avoid a finding that he is entitled to more than nominal damages. Kyle is given thirty days to submit evidence that meets the requirements of Rule 56 that would support an award of more than nominal damages.

## CONCLUSION

Defendants' motion for summary judgment is granted as to Kyle's claim that he was arrested without probable cause. It is denied as to his claim that he was unreasonably detained before being brought before a judge for a hearing as to the existence of probable cause for his continued detention. The court proposes to enter summary judgment in favor of Kyle on this claim and award nominal damages of one dollar. Within thirty days of this order, defendants may, if they wish, submit evidence and argument in opposition to the proposed summary judgment, and Kyle may, if he wishes, offer evidence in support of an award of actual damages. Each side shall have an additional thirty days to respond to the other's submission. The court will rule by mail.