**Wesley G. DIESTELHORST, Plaintiff–Appellant,**

v.

**James E. RYAN, Attorney General of the State of Illinois, and Kathryn Dobrinic, Montgomery County State's Attorney, Defendants–Appellees.**

No. 01–1656.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2001 *.

Decided Oct. 10, 2001.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, ROVNER, Circuit Judges.

### ORDER

Wesley Diestelhorst sued Attorney General Jim Ryan and Montgomery County State's Attorney Kathryn Dobrinic for damages resulting from their offices' unsuccessful attempt to have him committed as a sexually violent person. The district court dismissed Diestelhorst's suit on grounds that Ryan and Dobrinic were protected by absolute prosecutorial immunity. Diestelhorst appeals, and we affirm.

In 1984 Diestelhorst was convicted and sentenced to prison for sexually molesting two children. In March 1995, after serving ten years of that sentence, he was placed on mandatory supervised release. Shortly thereafter he was caught attempting to lure three young girls into his car. He pleaded guilty to one count of child abduction stemming from the incident and received a three-year prison sentence.

On April 8, 1998, two days before he was to be released from prison on the child abduction conviction, Ryan and Dobrinic filed a joint petition in the Montgomery County Circuit Court to have Diestelhorst indefinitely committed pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.* (the "Act"). The petition alleged that he had a history of sexually violent conduct and that his mental disorders created a substantial probability that he would engage in further acts of sexual violence.

On April 9, 1998, the circuit court found probable cause to believe that Diestelhorst met the criteria for civil commitment under the Act and ordered that he be detained at the Sheridan Correctional Center pending trial. Diestelhorst then moved to dismiss Ryan and Dobrinic's petition on grounds that the Act applies only to persons on the verge of release from a sentence imposed for a "sexually violent offense," which child abduction is not. In response Ryan and Dobrinic argued that the circumstances of Diestelhorst's child abduction offense showed that he planned to commit a sexually violent offense, which they contended was sufficient to bring commitment proceedings under the Act. In support of their theory, Ryan and Dobrinic later submitted affidavits from two of the

three girls involved in the incident. The circuit court accepted the State's theory and denied the motion to dismiss.

Diestelhorst filed an interlocutory appeal challenging the circuit court's decision. On August 27, 1999, after Diestelhorst had been detained at the correctional facility for sixteen months, the Illinois appellate court reversed, holding that child abduction is not a sexually violent offense as defined in the Act. The appellate court concluded that the State did not have probable cause to detain Diestelhorst and that the petition for commitment should have been dismissed. *In re Detention of Diestelhorst*, 307 Ill.App.3d 123, 240 Ill. Dec. 229, 716 N.E.2d 823, 829 (1999).

After his successful appeal, Diestelhorst filed this lawsuit *pro se* claiming that Ryan and Dobrinic violated his constitutional rights by instituting the commitment proceedings. He sought $16 million in damages for the mental duress and negative publicity he suffered as a result of the proceedings and his sixteen-month detention. The district court dismissed Diestelhorst's claim under Federal Rule of Civil Procedure 12(b)(6). The court held that the conduct alleged by Deistelhorst fell squarely within the prosecutors' quasi-judicial duties, such as deciding to bring charges and presenting evidence to the court, and thus was protected by absolute immunity.

■ Even accepting the allegations of Diestelhorst's complaint as true and drawing all reasonable inferences in his favor as we must, *see Anderson v. Simon*, 217 F.3d 472, 474 (7th Cir.2000), we conclude that the district court correctly determined that Ryan and Dobrinic enjoy absolute immunity. It is well-settled that prosecutors are absolutely immune from a suit for damages under § 1983 for initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96

S.Ct. 984, 47 L.Ed.2d 128 (1976). Absolute immunity extends to protect prosecutors performing those same functions on behalf of the State in civil proceedings, *see Mendenhall v. Goldsmith*, 59 F.3d 685, 689–91 (7th Cir.1995), including commitment proceedings similar to the one at issue here, *see, e.g., Scott v. Hern*, 216 F.3d 897, 909 (10th Cir.2000) (state prosecutor enjoyed absolute immunity for acts and omissions relating to preparation and submission of petition for involuntary commitment); *Byrne v. Kysar*, 347 F.2d 734, 736 (7th Cir.1965) (assistant state's attorney would be absolutely immune if he acted in official capacity as prosecutor when he signed petition initiating judicial inquiry into plaintiff's mental condition).

Diestelhorst, however, contends that the district court erred in relying on absolute immunity because the prosecutors initiated commitment proceedings knowing that they lacked probable cause to do so. Even so the outcome is the same. The Supreme Court has made clear in *Imbler* and its progeny that prosecutors are absolutely immune from claims that their decision to prosecute was malicious and unsupported by probable cause. *Kalina v. Fletcher*, 522 U.S. 118, 124–25, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (citing *Imbler*, 424 U.S. at 421–22, 96 S.Ct. 984). Indeed, in *Kalina*, the Court concluded that a prosecutor's determination that the evidence was sufficiently strong to justify a probable cause finding is absolutely protected. *Id.* at 129–30, 118 S.Ct. 502. We have likewise stated that absolute immunity shields a prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986). Thus, we conclude that Ryan and Dobrinic's decision to file the petition and prosecute Diestelhorst under the Act,

with or without probable cause, is protected by absolute immunity.

 Deistelhorst next argues that Ryan and Dobrinic are not entitled to absolute immunity because they were functioning as investigators rather than advocates when they "fabricated" evidence by contacting the victims of his child abduction offense and securing their affidavits in order to show probable cause. Diestelhorst correctly asserts that a prosecutor who engages in purely investigatory conduct unrelated to his or her role of advocate is entitled only to qualified immunity. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). In *Buckley,* the Supreme Court held that the prosecutors were not functioning as advocates when they allegedly assisted in fabricating physical evidence from a crime scene in order to implicate the defendant in the crime. *Id.* at 275–76, 113 S.Ct. 2606. Because the alleged misconduct took place before the prosecutors claimed to have probable cause to arrest the defendant and before judicial proceedings had been instituted, the prosecutors were entitled only to qualified immunity. *Id.* In so holding, however, the Court reiterated that acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Id.* at 273, 113 S.Ct. 2606.

Ryan and Dobrinic argue that by securing the affidavits they were marshaling evidence to support the probable cause finding and not engaging in the type of investigatory conduct at issue in *Buckley.* We agree. Here the prosecutors sought and obtained the affidavits in connection with their role as advocates in an ongoing judicial proceeding. When they sought the affidavits, the petition for commitment had already been filed, and the trial court already had found probable cause to detain Diestelhorst. Diestelhorst later moved to dismiss the petition and Ryan and Dobrinic submitted the two affidavits in support of the circuit court's prior probable cause finding. Diestelhorst has failed to allege that Ryan or Dobrinic functioned in any role other than that of an advocate for the State in the commitment proceedings before the circuit court, and thus absolute immunity protects them both.

Because we find that absolute immunity applies here, we need not address the defendants' alternative arguments that Diestelhorst's suit is barred by qualified immunity and the Eleventh Amendment.

AFFIRMED.