**Larry J. WOLF and Belinda C. Wolf,**
**Plaintiffs–Appellants,**

v.

**Timothy F. SCOBIE, et al.,**
**Defendants–Appellees.**

No. 01–2865.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2002 *.

Decided Feb. 4, 2002.

Rehearing En Banc Denied
March 8, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

ORDER

In May 1998 Larry and Belinda Wolf were arrested in Chippewa County, Wisconsin for distributing defamatory materials stating that two local stores sold greeting cards containing child pornography. After their conviction in Wisconsin state court for defamation, they filed this suit under 42 U.S.C. § 1983 against various Chippewa County public officials—including a district attorney, a probation officer,

a sheriff, and various deputies—who, the Wolfs alleged, violated their constitutional rights following their arrests. The district court dismissed the district attorney and probation officer from the case on grounds of absolute immunity. The district court then granted summary judgment in favor of the rest of the defendants, and the Wolfs now appeal. We affirm.

Background

In May 1998 the Wolfs were charged in Wisconsin state court with distributing defamatory signs, letters, and notes stating, among other things, that a local grocery store and a local hardware store sold greeting cards containing child pornography. *See* Wis. Stat. Ann. § 942.01(1) (1998). Approximately two weeks later, the trial court released the Wolfs on bonds with instructions not to contact the stores that they were accused of defaming. At a review hearing the following month, district attorney Timothy Scobie recommended that the court order competency evaluations because he believed that the Wolfs did not understand the charges against them. The trial court ordered the evaluations, but the Wolfs refused to cooperate with the psychologist, stating that it was against their religion to answer his questions.

Approximately two months later, Scobie suggested that a "deferred prosecution" would best serve everyone involved because the Wolfs had no prior legal troubles. In Wisconsin, a deferred prosecution is an agreement where the district attorney agrees not to prosecute a defendant for a fixed period of time provided that the defendant admits to the crime and agrees to abide by specified conditions; if the defendant complies with those conditions, the court dismisses the charges. *See* Wis. Stat. Ann. § 971.39 (1998). Although the Wolfs did not consent to a deferred prose-

cution, Scobie nevertheless deferred prosecuting the Wolfs for one year.

In the meantime, the Wolfs continued to distribute defamatory material, and Belinda Wolf was arrested in her home on May 17, 1999. The record is unclear regarding whether Larry Wolf was also arrested. Claiming that the arresting officers used excessive force against her and her children, Belinda Wolf sued various deputy sheriffs and police investigators under 42 U.S.C. § 1983 regarding the May 1999 arrest. The district court granted summary judgment in the defendants' favor, concluding that the level of force used to arrest Belinda Wolf was reasonable. *See Wolf v. Pederson,* No. 99–C–598–S (W.D.Wis. Jan. 3, 2000) (unpublished order). Belinda Wolf did not appeal that judgment.

In October 1999 the Wolfs were finally convicted after a bench trial in state court on the defamation charges brought against them in May 1998. Although the court placed the Wolfs on probation for these offenses, the court stayed their sentences pending appeal. In June 2000, the Wisconsin Court of Appeals affirmed the Wolfs' defamation convictions, and two months later the Wisconsin Supreme Court denied the Wolfs' petition for review.

Believing that the Wolfs' sentences were no longer stayed, the Wolfs' probation officer, Mary Knoble, issued an "order to detain" on July 15, 2000 because the Wolfs failed to report to their scheduled probation appointments. Chippewa County Sheriff's Deputies Robert Cunningham and Melissa Zwiefelhofer arrested the Wolfs, who then spent sixteen and one-half days in the Chippewa County jail.

In December 2000, the Wolfs brought this § 1983 suit against Scobie, Knoble, Chippewa County sheriff Douglas Ellis, and Sheriff's Deputies Zwiefelhofer and James Jerabek (the Chippewa County jail administrator), alleging violations of their rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments. Their allegations included false arrests; excessive force; unreasonable searches; unreasonable restrictions on their freedom of religion; inadequate medical care; cruel conditions of confinement; as well as violations of their rights to a speedy trial, equal protection, and access to the courts. The district court first dismissed Scobie and Knoble from the lawsuit based on absolute immunity. The court next concluded that the Wolfs were barred from asserting any claims regarding the May 1999 arrest and subsequent trial because they had already litigated those claims in *Wolf v. Pederson.* Finally, the court granted summary judgment in the defendants' favor on the remaining claims.

### Analysis

The Wolfs' appellate brief rests largely on bare conclusions and fails to develop any legal basis for the contentions they try to address on appeal. Although we construe pro se briefs liberally, *Greer v. Bd. of Educ.,* 267 F.3d 723, 727 (7th Cir.2001), even pro se litigants must support and develop their arguments with legal authority, *see Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). Because perfunctory, undeveloped, and unsupported arguments are deemed waived (including arguments raising constitutional issues), *see United States v. Lanzotti,* 205 F.3d 951, 957 (7th Cir.), *cert. denied,* 530 U.S. 1277, 120 S.Ct. 2746, 147 L.Ed.2d 1009 (2000), we will address the only the argument that is marginally developed and that contains at least some citation to legal authority—namely, the Wolfs' contention that the district court erred in granting absolute immunity to Scobie on their Sixth Amendment claim. As best as we can

discern, the Wolfs argue that Scobie is not entitled to absolute immunity because he acted maliciously and out of bad faith when he delayed their defamation trial by (1) requesting that they undergo competency evaluations, and (2) deferring prosecution without their consent.

■ State prosecutors are absolutely immune from liability for "initiating a prosecution and ... presenting the State's case" as long as their conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Cervantes v. Jones,* 188 F.3d 805, 809 (7th Cir.1999). Absolute immunity shields prosecutors even if they "initiate[ ] charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986). Prosecutors are not, however, absolutely immune from liability for their "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

■ Scobie's request to have the Wolfs' competency evaluated by a psychologist and his decision to defer the Wolfs' prosecution without their consent are activities "intimately associated with the judicial phase of the criminal process." *Imbler,* 424 U.S. at 430, 96 S.Ct. 984; *Anderson v. Simon,* 217 F.3d 472, 475–76 (7th Cir.2000) (concluding that prosecutor was entitled to absolute immunity for delaying charges), *cert. denied,* 531 U.S. 1073, 121 S.Ct. 765,

148 L.Ed.2d 666 (2001). Part of a prosecutor's role in preparing for trial is making decisions of the sort that Scobie faced, and delays may result from the consequences of those decisions. Under the circumstances of this case, Scobie's actions merit absolute immunity. *See Imbler,* 424 U.S. at 430, 96 S.Ct. 984. And even if Scobie had acted maliciously in moving for competency evaluations and in deferring prosecution (there is no evidence that he did), he still would be absolutely immune. *See Henry,* 808 F.2d at 1238. The district court's judgment is AFFIRMED.