Eric W. POIRIER, Plaintiff–Appellant,

v.

James E. DOYLE, et al., Defendants–Appellees.

No. 01–1580.

United States Court of Appeals, Seventh Circuit.

Submitted March 7, 2002 *.

Decided March 7, 2002.

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

## ORDER

Eric Poirier is incarcerated in the Racine Correctional Institution in Sturtevant, Wisconsin. In 1999 he initiated this case under 42 U.S.C. § 1983 in the Eastern District of Wisconsin, asserting among other things that his double jeopardy rights were violated when his parole was revoked twice on the basis of criminal conduct for which he was acquitted. After the district court dismissed several defendants pursuant to the screening provisions of 28 U.S.C. § 1915, the court merged the complaint with two others filed by Poirier in separate cases and transferred the matter to the Western District of Wisconsin. Chief Judge Barbara Crabb granted summary judgment to several defendants and dismissed Poirier's complaint against the remaining defendants for failure to state a claim. Poirier appeals, arguing that the district court erred in rejecting his claims that his parole was revoked in violation of the Double Jeopardy Clause, and that his double jeopardy rights were violated when he was tried twice for the same crimes. We affirm.

The following facts are contained in Poirier's *pro se* complaint and are taken as true for purposes of appeal. After Poirier had been paroled (based on a mandatory release date) from a 1990 conviction, the district attorney for Chippewa County, Wisconsin, filed a three-count complaint in 1995 charging Poirier with burglary, theft of a firearm, and possession of a firearm by a felon. Poirier was jailed at the time on pending DUI charges, and the issuance of the new complaint prompted his parole agent in Chippewa County, James Schansberg, to initiate a parole hold that prevented Poirier from posting bail in the DUI case pending a formal parole revocation hearing. Poirier was tried on the complaint and acquitted of the charges in March 1996, and informed Schansberg of that fact; Schansberg told Poirier that he would speak with his supervisor, Keith Crivello, and get back to Poirier.

In April 1996 a parole revocation hearing was held regarding the Chippewa County complaint. Poirier's parole was revoked and he was sentenced to serve additional time on his 1990 conviction. Poirier alleges that Schansberg and Crivello recommended at the hearing that his parole be revoked despite the fact that he had been acquitted of the underlying criminal charges which formed the basis for revocation hearing. Poirier was again paroled on the 1990 charge in January 1997.

Meanwhile, around the time of his March 1996 acquittal in Chippewa County, the district attorney for Rusk County, Wisconsin, had also filed a criminal complaint against Poirier, premised on what Poirier alleges was the identical conduct underlying the Chippewa County complaint. Eventually, in April 1997, a different parole agent, Diane Nelson, placed another parole hold on Poirier because of the pending charges in Rusk County; it is not clear whether he was in custody at this time or was returned to jail as a result of the hold. In June 1997 a second revocation hearing was held, after which Poirier's parole on his 1990 conviction was revoked a second time based on the recommendation of Schansberg, Nelson, and Crivello. In July 1997, however, Poirier was acquitted on the Rusk County charges. Poirier was again paroled from his 1990 conviction in April 1998, and the basis for his current incarceration is unclear. At some point in 1998 Cheryl Schindler replaced Nelson as Poirier's parole agent.

Although his arguments on appeal are vague, Poirier apparently contends first that the district court erred in dismissing his claim that revocation of his parole based on criminal charges for which he was acquitted violated double jeopardy.

Poirier's argument is not supported by legal authority and contains no citation to the record as required by Fed. R.App. P. 28(a)(9)(A). Poirier also fails to name any of the appellees in his argument and provides no factual or legal support to show how they purportedly violated his constitutional rights. We are not obligated to construct arguments for an appellant or to comb the record to find factual support for his assertions; when a party fails to develop the factual basis for a claim and draws instead on bare conclusions, the argument is deemed waived. *Muhich v. Comm'r*, 238 F.3d 860, 864 n. 10 (7th Cir.2001).

■ But because Poirier is proceeding pro se, we will construe his brief liberally, though even liberal construction cannot salvage Poirier's claim that revoking his parole violated the Double Jeopardy Clause. Poirier essentially asserts that "No person can rationally argue that being sent back to Prison for no reason is not punishment for an alleged Crime in which appellant was Acquitted on all charges .... The revocation's [sic] never should have occurred." The Double Jeopardy Clause indeed affords protection against further prosecution for the same offense after acquittal, *Garrity v. Fiedler*, 41 F.3d 1150, 1151–52 (7th Cir.1994), yet parole revocation is "an administrative proceeding designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law," *United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir.1986). This is true even when the revocation of parole is based on criminal conduct for which the defendant was acquitted. *See Steinberg v. Police Court*, 610 F.2d 449, 451–52 (6th Cir.1979); *Standlee v. Rhay*, 557 F.2d 1303, 1305–07 (9th Cir.1977).

Poirier also appears to argue that every defendant named in his suit—including those who were dismissed pursuant § 1915 and have not filed a brief in this appeal—violated his double jeopardy rights when they caused him to be tried in both Chippewa County and Rusk County for the same offenses. Even assuming that he was charged with the same offenses in both counties—an issue we need not decide—the district court properly dismissed this claim because none of the individuals named by Poirier are proper defendants to a § 1983 suit.

■ First, Poirier names several public defenders—John Hinde, David Raihle, Terry Nussberger, Pete Thompson, Norman Singleton, Wayne Arnold, and Jeffrey Kohler—who apparently represented him during either the Chippewa County or Rusk County cases. It is not entirely clear from Poirier's complaint that he is asserting a double jeopardy claim against these defendants; he appears to argue that they provided ineffective assistance, an issue not raised on appeal. But to the extent that he is alleging that these defendants violated his double jeopardy rights, they are not proper defendants because public defenders do not act "under color of state law" for purposes of § 1983 when performing a lawyer's traditional functions. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

■ Numerous of the defendants are entitled to absolute immunity from Poirier's claims. Poirier names several administrative law judges and prosecutors as defendants—Timothy Scobie, Christopher Buslee, Steven Anderson, James Schernecker, and Donald Schneider. Judges, however, are absolutely immune from suit for actions taken within the scope of their duties. *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Prosecutors are also entitled to absolute immunity when, as here, they act in a quasi-judicial capacity by determining

what charges to bring against an individual and by initiating a prosecution. *See Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir.2000); *Spiegel v. Rabinovitz,* 121 F.3d 251, 256–57 (7th Cir.1997). Poirier also names David Schwarz, the Administrator of the State of Wisconsin Division of Hearings and Appeals, and William Ludstrom, the Deputy Administrator, alleging that they denied appeals he filed from the ALJs' decisions to revoke his parole. Because Schwarz and Ludstrom were performing a quasi-judicial function when they decided his appeals, they are also entitled to absolute immunity. *See Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Wilson v. Kelkhoff,* 86 F.3d 1438, 1443 (7th Cir.1996).

■■ Poirier failed to allege that the remaining defendants had any personal involvement in the alleged violation of his double jeopardy rights. In order to be held responsible for a § 1983 violation, an individual must have personally participated in the alleged constitutional deprivation. *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir.2000). With respect to Michael Sullivan, the Secretary of the Wisconsin Department of Corrections, Poirier alleges only that Sullivan was "responsible for his subordinates." Respondeat superior claims are not allowed under § 1983, however. *Id.* With respect to defendants James Doyle, the Attorney General of Wisconsin, and law enforcement officers William Glass, Mary Reppe, and Dean Meyer, Doyle has offered no allegations linking them to the decision to charge him with the same crimes in two jurisdictions. The same is true for defendants Schansberg, Crivello, Nelson, and Schindler, who only are alleged to have violated his rights with respect to the revocation of his parole. Accordingly, Poirier's claim that successive trials violated his double jeopardy rights was correctly dismissed.

AFFIRMED