Janice Johnson KUHN, Plaintiff–
Appellant,

v.

MILWAUKEE COUNTY, et al.,
Defendants–Appellees.

No. 02–3522.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 18, 2003.*

Decided Feb. 18, 2003.

Rehearing En Banc Denied
May 12, 2003.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Janice Johnson Kuhn appeals the district court's judgment dismissing her lawsuit against Milwaukee County, six state court judges, and three prosecutors. She alleged violations under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* and constitutional violations under 42 U.S.C. § 1983. We affirm.

Kuhn's lawsuit in this case arises from her unsuccessful travails through the Wisconsin court system, first as a criminal defendant and then as a civil plaintiff. Kuhn was convicted of four counts of theft by bailee, *see* Wisc. Stat. §§ 943.20(1)(b) and (3)(c), for keeping auction proceeds that she, as an auction-gallery owner, held as bailee for the owners of auctioned property. *See State v. Kuhn,* 178 Wis.2d 428,

504 N.W.2d 405 (1993). Kuhn later sued the insurer of her auction company, claiming that the insurer negligently failed to advise her to purchase insurance to protect against employee theft; she also contended that the money she was convicted of stealing had been taken by an employee of her company instead. Her complaint in that case was dismissed, and her appeal was also unsuccessful. *See Kuhn v. Fitzgerald, Clayton, James & Kasten, Inc.,* 617 N.W.2d 676, 2000 WL 730365 (Wis.Ct.App. 2000) (unpublished).

Kuhn then filed this lawsuit in federal court, naming as defendants six state court judges who were involved in various stages of her state cases, three prosecutors from the Milwaukee County District Attorney's Office, and Milwaukee County. She alleged RICO and due-process violations stemming from bias of the state judges who had worked previously for the district attorney's office, as well as political "influence" exerted by the district attorney's office on the state judges. With respect to the judges named in her complaint, the actions that prompted the lawsuit were their judicial decisions in her previous cases. For example, she alleged that one judge, a former prosecutor, wrongly convicted her; another, a former prosecutor, wrongly extended her restitution at a probation hearing; a third, a prosecutor at the time she was convicted, "maliciously sentence[d] [her] to a year in the House of Correction, for being unable to pay the restitution of $500/month;" and a fourth incorrectly dismissed her civil complaint. She did not allege any improper conduct by any of the prosecutors named in the complaint.

The district court granted the defendants' motions to dismiss for failure to state a claim, concluding that (1) the defendant judges had absolute immunity for their judicial acts; (2) the complaint con-

tained no allegations regarding Milwaukee County or any of the prosecutor defendants; and (3) even if there were no immunity, the complaint failed to state a RICO claim.

On appeal Kuhn argues primarily that the allegations in her complaint do indeed state a claim under RICO; however, she largely ignores the primary grounds given by the district court for its decision. We review the district court's decision de novo, taking Kuhn's allegations as true and drawing reasonable inferences in her favor. *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir.2002).

■■■ First, two preliminary matters. To the extent Kuhn was seeking "a mistrial declared" in her civil case and damages for the judge's decision in that case, the district court lacked jurisdiction to hear her claim based on the *Rooker–Feldman* doctrine, which prevents lower federal courts from reviewing state court civil judgments. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Lewis v. Anderson,* 308 F.3d 768, 771–72 (2002). And to the extent Kuhn was seeking "a complete reversal of [her] wrongful conviction" and "expunging of the wrongful felony charges from [her] record," her only vehicle for such relief in federal court would be through a habeas corpus petition. 28 U.S.C. § 2254; *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Bunn v. Conley,* 309 F.3d 1002, 1006–07 (7th Cir.2002).[1]

■■■ As for the remainder of her complaint, the district court correctly dismissed it for failure to state a claim. The state judges had absolute immunity for their judicial decisions—this is so even if they were, as Kuhn alleges, incorrect or decided with malicious intent toward her. *See Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Richman v. Sheahan,* 270 F.3d 430, 434 (7th Cir.2001). And the complaint did not allege any improper conduct by the other defendants; merely naming the prosecutors and Milwaukee County in the caption of her complaint was not sufficient to state a claim against them. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). We also note that any of the prosecutor defendants would have had immunity for their prosecutorial actions. *See Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir.2000). Because these reasons were sufficient for the district court to dismiss Kuhn's complaint, we need not consider whether her complaint otherwise stated a RICO claim.

■■■ Finally, Kuhn challenges the district court's refusal to accept an amended complaint that she attempted to file after the parties had briefed the motions to dismiss. The district court rejected the amended complaint "because it does not address the defects addressed in the motion to dismiss." In general plaintiffs are allowed one amendment "as a matter of course at any time before a responsive pleading is served," Fed.R.Civ.P. 15(a), and a motion to dismiss is not a responsive pleading for purposes of Rule 15(a), *Duda v. Bd. of Educ. of Franklin Park,* 133 F.3d

---

1. We also note that Kuhn's § 1983 claim for damages based on what she believes were due-process violations relating to her conviction would not accrue until the conviction had been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 489–90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). But such a bar to suit under *Heck* is an affirmative defense and not jurisdictional, *Okoro v. Bohman,* 164 F.3d 1059, 1061 (7th Cir.1999), and the defendants do not discuss it on appeal.

1054, 1056–57 (7th Cir.1998). But there is an exception when, as occurred here, the district court determined that the amended complaint did not cure the defects in the original complaint and would not have survived the motion to dismiss. *Id.* at 1057 n. 4; *Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir.1991) (collecting cases). Kuhn's amended complaint recites virtually the same allegations as the original complaint and contains the same defects; therefore, the district court did not err in refusing to accept it.

AFFIRMED