In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-1811

PAUL SMITH AND GLORIA SMITH,

*Plaintiffs-Appellants,*

*v.*

L. PATRICK POWER,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 01-CV-2083—**Michael P. McCuskey**, *Judge.*

ARGUED SEPTEMBER 8, 2003—DECIDED OCTOBER 6, 2003

Before KANNE, ROVNER, and DIANE P. WOOD, *Circuit Judges.*

ROVNER, *Circuit Judge.* Paul and Gloria Smith sued L. Patrick Power, an assistant city attorney in Kankakee, Illinois, under 42 U.S.C. § 1983 for initiating proceedings to demolish a house on their property, allegedly in retaliation for Paul Smith's public criticism of Power when Smith was a Kankakee alderman. The district court concluded that Power was entitled to absolute immunity from suit and dismissed the case. We affirm.

In determining whether to apply absolute immunity, we accept the facts in the complaint as true. *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997). According to the complaint, the Smiths are former residents of Kankakee and now live in Lyon County, Kentucky. They are in the business of buying and selling houses, one of which was located on Rosewood Avenue in Kankakee. In November 1997 the Smiths contracted to sell the Rosewood property to David Carroll, who then received a building permit to repair and improve the property. Carroll, however, did not receive title to the property until October 1999.

In the meantime, city attorney Power sent a notice of demolition to the Bank of Lyon County, Kentucky, which held a security interest in the Rosewood property because the Smiths had pledged it as security for a loan. The notice informed the Bank that the house on the Rosewood property "is dilapidated and uninhabitable and fails to comply with the City of Kankakee Building Code in so many particulars that it is impracticable to list same." (R. 15, Exh. B.) The notice warned that unless the house was "put in a safe condition" within 15 days, the City of Kankakee would file a complaint in an Illinois circuit court seeking an order of demolition. *Id*. Neither the Smiths nor Carroll received a copy of the notice. When the 15-day period expired, Power filed a complaint in state court, but he voluntarily dismissed the suit more than two years later. As a result of the demolition proceedings, the Bank of Lyon County has denied the Smiths various business loans.

The Smiths then filed this suit in the district court, alleging that Power violated their rights under the First and Fourteenth Amendments because he initiated the demolition proceedings in retaliation for Paul Smith's public criticism of him when Smith was an alderman in Kankakee. The district court dismissed the case, concluding that Power was entitled to absolute prosecutorial immunity.

Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *accord Burns v. Reed,* 500 U.S. 478, 491-92 (1991); *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000). A prosecutor is shielded by absolute immunity when he acts "as an advocate for the State" but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). These standards also apply to a prosecutor's acts in initiating *civil* proceedings as long the prosecutor is "functioning in an enforcement role analogous to" his role in criminal proceedings. *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995); *accord Butz v. Economou*, 438 U.S. 478, 515-16 (1978) (absolute immunity protects federal agency officials who instituted administrative proceedings); *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (absolute immunity protects prosecutor for filing public nuisance action and civil forfeiture complaint). Moreover, absolute immunity shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

On appeal the Smiths contend that Power is not entitled to absolute immunity because he acted as an investigator when he determined that the house violated various building codes. But nowhere in their complaint did they allege that Power personally inspected the house to determine its compliance with the building codes. The notice itself said merely that the house "[h]as been inspected and found to be in [a] dangerous and unsafe condition." (R. 15, Exh. B.) Although Power signed the notice, he did not personally vouch under penalty of perjury for the truth of the facts in the notice. *Cf. Kalina*, 522 U.S. at 129-31 (no absolute immunity for prosecutor who vouched under

penalty of perjury for truth of facts supporting probable cause for arrest warrant).

Instead of alleging that Power personally inspected the house, the Smiths alleged that Power acted as an investigator by "preparing, signing and sending" the 15-day notice. (R. 46 at ¶ 14.) We fail to see how those acts can be characterized as investigative. *Cf. Buckley*, 509 U.S. at 273-76 (prosecutor's endeavors to determine whether bootprint at scene of crime had been left by suspect were investigatory and not entitled to absolute immunity). The 15-day notice is a statutory prerequisite to filing a suit for an order of demolition. 65 ILCS 5/11-31-1(a) (West 2003).[1] By sending the notice, Power was acting as an advocate of the City of Kankakee, which is authorized to institute civil proceedings to demolish unsafe buildings. *Id.* The notice is "intimately associated" with the judicial process because it was simply the first step of the demolition proceedings. As explained in *Imbler*, "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution." 424 U.S. at 431 n.33. Sending the 15-day notice is such a preliminary act for which Power is absolutely immune. *See Thomas v. City of Dallas*, 175 F.3d 358, 362-63 (5th Cir. 1999) (chairman of hearing board absolutely immune for allegedly giving improper notice of demolition proceedings to property owner); *see also Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993) (prosecutor's decision whether to notify crime victim of hearing is entitled to absolute immunity because it is intimately associated with the judicial process and "is simply a litigation-related duty").

---

[1] An Illinois appellate court recently held that this statute is unconstitutional because 15 days is not a reasonable amount of time for the property owner to repair the defects of the property. *Vill. of Lake Villa v. Stokovich*, 778 N.E.2d 750, 759-62 (Ill. App. Ct. 2002), *appeal allowed*, 787 N.E.2d 174 (Ill. Feb. 5, 2003).

No. 03-1811                                                    5

Lastly, the Smiths contend that Power is not entitled to absolute immunity because he exceeded his prosecutorial authority by sending the 15-day notice without authorization from the Kankakee City Council. We agree with the district court that, according to Kankakee city ordinances, the city's law department does not need express authority from the city council to file complaints. *See* Kankakee City Ordinances, Art. III, §§ 2-115, 2-120. In any event, a prosecutor does not lose the protection of absolute immunity by merely exceeding his authority; only when a prosecutor acts in the clear absence of all statutory authority is the immunity lost. *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (absolute judicial immunity lost only in clear absence of all jurisdiction); *Kerr v. Lyford*, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (applying *Stump* to prosecutorial immunity); *Snell v. Tunnell*, 920 F.2d 673, 694 (10th Cir. 1990) (same). Because the city ordinances grant assistant city attorneys the authority to prosecute all actions for violations of Kankakee ordinances, Power was not acting in the clear absence of all authority when he sent the 15-day notice. Kankakee City Ordinances, Art. III, §§ 2-115, 2-120. Accordingly, the judgment of the district court is AFFIRMED.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-02-C-0072—10-6-03