UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 24, 2005[*]
Decided November 2, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2292

| | |
|---|---|
| CLARENCE J. FRANKLIN, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| CITY OF SOUTH BEND, ET AL, *Defendants-Appellees.* | No. 04 C 307 |
| | Robert L. Miller, Jr., *Chief Judge.* |

**O R D E R**

Clarence Franklin, Jr. was arrested twice in 1989 and later pleaded guilty to dealing in cocaine.  He was sentenced to consecutive terms of imprisonment of eight and fifteen years. He then filed a 42 U.S.C. § 1983 action against two police officers and the prosecutor involved in the first arrest and prosecution, but the district court denied leave to proceed under 28 U.S.C. § 1915(d) and we affirmed.  Mr. Franklin unsuccessfully sought post-conviction relief through state habeas corpus proceedings.  He later filed another 42 U.S.C. § 1983 action against the City of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

South Bend, various police officers, prosecutors and judges, as well as his previous defense attorney, for alleged constitutional violations arising out of the 1989 arrests, his subsequent prosecutions and incarcerations, and his post-conviction claims. The defendants filed three separate motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and the district court granted their motions.

On appeal, Mr. Franklin raises only two general procedural arguments. First, he argues that the district court denied him due process by assigning a magistrate judge to his case without his consent in violation of Fed. R. Civ. P. 73(a). The magistrate judge's involvement here, however, was limited to nondispositive matters such as granting a motion for extension of time to file an answer, directing the parties to submit written status reports, and issuing a scheduling order; these pretrial matters are the sort of tasks that Congress has authorized magistrate judges to make without the parties' consent. *See* 28 U.S.C. § 636(b)(1)(A); *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994).

Mr. Franklin next argues that his due process rights were violated when the district court failed to timely issue a scheduling order, in violation of Fed. R. Civ. P. 16(b). Rule 16(b) provides that a scheduling order "shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant." The defendants here were served in May 2004, but the magistrate judge did not begin to contemplate entering a scheduling order until late December 2004—more than seven months later. Although such delays cannot be condoned, we note that the magistrate judge did issue an order on June 14, 2004, advising Mr. Franklin that his failure to respond to defendants' motions to dismiss may result in summary dismissal of his case. *See* Fed. R. Civ. P. 11 advisory committee's notes (1983 amendment) (noting that if a scheduling conference cannot be arranged within the 12-day period, the court must issue the scheduling order after "some communication with the parties"). Indeed, one circuit court faced with a similar challenge noted that a late-filed order is not invalid. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 n.5 (9th Cir. 1992). In any event, here the court's delay was harmless; Mr. Franklin has not suggested—nor do we see—how the delay affected any of his "substantial rights." *See* Fed. R. Civ. P. 61; *Stanciel v. Gramley*, 267 F.3d 575, 580 (7th Cir. 2001).

We further note, as the district court explained, that all of the judges and prosecutors named as defendants in this case are entitled to absolute immunity. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (recognizing absolute immunity for prosecutors when acting as advocates for the State); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (recognizing that judges are entitled to absolute immunity from damages for their judicial conduct).

The judgment of the district court is AFFIRMED.