**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2005[*]
Decided December 29, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 05-1315 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| WINDSOR ALEXANDER, *Plaintiff-Appellant,* | |
| | No. 02 C 7059 |
| *v.* | |
| TANVEER SHAN, et al., *Defendants-Appellees.* | Amy J. St. Eve, *Judge.* |

**O R D E R**

In this action under 42 U.S.C. § 1983, Windsor Alexander challenges the dismissal of his case against three defendants for failure to state a claim, as well as the grant of summary judgment for the two remaining defendants. Alexander also contests several subsidiary rulings. We perceive no error and, accordingly, affirm the judgment.

_____

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In 1998, Alexander appeared in the Circuit Court of Cook County, Illinois, as a litigant in a civil suit against his former employer. Judge Ellis Reid presided over the case. During the course of a bench trial, Alexander became convinced that Judge Reid was prejudiced against him and filed a petition for substitution of a new judge. Alexander, who was *pro se*, attached to his petition four "criminal complaints" accusing the judge of criminal conduct. He also lodged a complaint with the Illinois Judicial Inquiry Board. Another circuit judge heard the substitution petition and dismissed it. Judge Reid then proceeded with trial, eventually ruling in Alexander's favor on one of two claims and awarding him punitive damages. After handing down his decision in open court, Judge Reid mentioned the substitution petition. He showed Alexander a letter urging an investigation by Cook County State's Attorney Richard Devine, whom the judge described as a good friend, into what Judge Reid apparently believed was criminal conduct on Alexander's part in submitting the petition and its attached accusations.

Afterwards Devine's office did investigate Alexander, and on January 19, 2000, more than a year after Judge Reid's referral, a grand jury indicted Alexander on charges of perjury and forgery. Alexander was arrested two months later, but his trial did not begin for more than a year, in July 2001. Alexander spent the intervening time confined in the general population of the Cook County jail or in the jail's acute psychiatric unit. Alexander was admitted into the psychiatric unit by Dr. Tanveer Shan. Assistant State's Attorney Paul Bervid prosecuted the criminal case, while Alexander elected to defend himself without counsel. He was acquitted on all charges.

Alexander then filed a *pro se* complaint in the district court. Count One of his second amended complaint alleged that Judge Reid, State's Attorney Devine, and prosecutor Bervid conspired to deprive him of his civil rights by bringing a baseless prosecution. Count Two of that complaint alleged that Cook County and Dr. Shan are engaged in an ongoing conspiracy to punish allegedly disruptive jail inmates by sending them to the psychiatric unit instead of bringing misconduct charges that would be adjudicated by a hearing board. Alexander claimed that he was a victim of this policy and that, as a result, he was prevented from using the jail's law library to prepare a defense against both the criminal charges and a jail misconduct case.

Judge Reid was the first defendant to obtain a dismissal under Federal Rule of Civil Procedure 12(b)(6). The district court held that, taking Alexander's allegations to be true, Judge Reid had acted in his judicial capacity and was entitled to absolute immunity. In any event, the court added, Alexander was not deprived of a federally protected right and so dismissal was warranted even if Judge Reid was not immune from the suit. Alexander moved for reconsideration as well as to

amend his complaint, but both motions were denied. Devine and Bervid then won dismissals under Rule 12(b)(6) after the district court held that they enjoyed absolute prosecutorial immunity.

At that point, with all of the defendants named in Count One out of the case, Alexander filed a motion under 28 U.S.C. § 455(a) asking the district judge to recuse herself. He argued that dismissing his complaint as against Judge Reid, State's Attorney Devine, and prosecutor Bervid demonstrated partiality. The judge denied his motion, and Alexander petitioned this court for a writ of mandamus, which we denied.

Alexander subsequently moved again to amend his complaint, this time proposing to add individual employees and agents of Cook County as defendants in Count Two. The district court denied that motion. Cook County and Dr. Shan, the last remaining defendants, then moved for summary judgment. The district court granted that motion, reasoning that Alexander lacked evidence of a conspiracy to send jail inmates to the psychiatric unit and that he also lacked evidence of constitutional harm stemming from the alleged conspiracy.

We start with Alexander's challenge to the dismissal of Judge Reid and the two prosecutors for failure to state a claim. As for Judge Reid, his absolute immunity extends to all judicial acts save those taken in the complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). Alexander alleged that Judge Reid's part in the conspiracy was to submit Alexander's substitution petition and its attachments to State's Attorney Devine and his assistant, Bervid. Alexander argues that this action was outside the scope of the judge's immunity because it is not judicial in nature and, even if it is, was taken in the complete absence of jurisdiction.

We conclude that Judge Reid acted within his jurisdiction when he made the criminal referral. We have found a complete lack of jurisdiction only in particularly egregious circumstances, such as when a judge not only maliciously referred a § 1983 plaintiff for prosecution and caused unlawful arrest warrants to be issued, but also read those warrants over the air at a radio station and pressured the plaintiff's employer to fire him. *See Harris v. Harvey*, 605 F.2d 330, 336 (7th Cir. 1979) (holding that actions "outside of [defendant judge's] courtroom and not then a part of his judicial functions" were undertaken in absence of all jurisdiction). Alexander's petition arose in Judge Reid's court and was the type of motion heard in his court. Illinois law does not divest a trial judge of all jurisdiction over a motion for substitution for cause——the law requires only that another judge preside over a hearing on the motion as soon as possible. *See* 735 Ill. Comp. Stat. 5/2-1001 (2005). At most, Judge Reid committed an error of law in revisiting the matter.

The only real question on this issue, then, is whether the referral can be described as a judicial action. To determine the judicial character of an action, we examine (1) whether it is purely ministerial or instead requires the exercise of discretion; (2) whether a judge ordinarily performs that action; and (3) the "expectations of the parties, i.e., whether the parties dealt with the judge as judge." *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985); *see Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (applying *Lowe*). Other circuits have noted that similar acts by state judges are not ministerial and are of the sort that a judge would normally perform. *See Brookings v. Clunk*, 389 F.3d 614, 622 (6th Cir. 2004) (holding that state judge "was engaged in a judicial act in swearing out a criminal complaint against Brookings upon learning that he had committed a crime in his court"); *Barrett v. Harrington*, 130 F.3d 246, 260 (6th Cir. 1997) (holding that "a judge instigating a criminal investigation against a disgruntled litigant who has harassed her is a judicial act"); *Martinez v. Winner*, 771 F.2d 424, 435 (10th Cir. 1985) (holding that judge was both entitled and required to take steps to prevent occurrence of crime in his courtroom). Alexander does not demonstrate how Judge Reid's action went beyond the expectations of the parties, and we concur with the district court that Judge Reid's action was judicial in nature.

As to Devine and Bervid, it is well-settled that prosecutors are entitled to absolute immunity for actions taken "as an advocate for the State." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2005). A prosecutor, however, is not entitled to absolute immunity from charges based on actions that are "investigative and unrelated to the preparation and initiation of judicial proceedings," *Smith*, 346 F.3d at 742, and Alexander argues that his suit is based on the investigatory actions of Devine and Bervid. As an example of those actions, his complaint cites an alleged conversation in which Judge Reid and the two prosecutors agreed that Alexander was innocent but decided to prosecute him anyway. The conversation, if it occurred, demonstrates at most a desire to prosecute Alexander knowing that he was innocent, but prosecutorial immunity applies even when a prosecutor "initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Anderson v. Simon*, 217 F.3d 472, 475-76 (7th Cir. 2000). Alexander offers other examples, but they suffer the same shortcoming. And while we have not sharply defined the boundary between prosecutorial and investigatory actions, our precedent does not support Alexander's characterization of the facts he does allege. *See, e.g., Smith*, 346 F.3d at 741-43 (holding that prosecutor's actions in preparing and disseminating notice that plaintiff's house was in violation of county building codes could not be characterized as investigatory in absence of evidence that prosecutor personally inspected house); *Anderson*, 217 F.3d at 475-76 (holding that prosecutor's decision to delay bringing charges so that additional evidence could be gathered was prosecutorial, not investigative, action).

That leaves the grant of summary judgment in favor of Cook County and Dr. Shan. The district court reasoned that Alexander lacked evidence both of the alleged conspiracy to send disruptive inmates to the psychiatric unit, and of any resulting deprivation of his federally protected rights assuming that a conspiracy exists. We concur. To prevail under § 1983, Alexander was required to establish that the defendants deprived him of a right protected by the constitution or a federal statute. *Jones v. Wilhelm*, 425 F.3d 455, 465 (7th Cir. 2005). In his second amended complaint he alleged that the actions of Cook County and Dr. Shan deprived him of his First Amendment right of access to the courts, his Sixth Amendment right to counsel, and his Fourteenth Amendment right to due process. But his evidence bears out none of these claims.

Alexander's First and Sixth Amendment claims stem from his assertion that, because he was confined to the psychiatric unit, he had limited access to legal materials available to those in the general population at the jail. Consequently, according to his affidavit testimony, he was unprepared for trial in June 2000 when the state was ready, and had to wait until July 2001 to go to trial. Alexander characterizes this outcome as a denial of his right of access to the courts and of his right to counsel in the criminal case. But Alexander chose to represent himself at trial rather than avail himself of the services of appointed counsel; his claim more properly would be articulated as an alleged denial of his right to proceed *pro se*. *See Faretta v. California*, 422 U.S. 806, 819-20 (1975).

Alexander was acquitted, of course, but he asserts that the denial of library access and limited access to materials such as blank paper prevented him from being prepared for trial in June 2000; his trial did not begin until July 2001. Alexander was released into the general population of the jail in October 2000; the ten-month delay between that transfer and his trial is not explained by any evidence submitted at summary judgment. Missing a court date as a consequence of a lack of legal materials could give rise to a cognizable claim of denial of access to the courts. *See Ortloff v. U.S.*, 335 F.3d 652, 656 (7th Cir. 2003). But Alexander was a pretrial detainee, and thus in a different posture than the plaintiff in *Ortloff*, who was not entitled to appointed counsel. Pretrial detainees have access to legal assistance through their appointed counsel, and refusing counsel's assistance does not give rise to a right of access to legal materials. *See United States v. Chapman*, 954 F.2d 1352, 1362 (7th Cir. 1992). Even inmates who choose to represent themselves under *Faretta* are not entitled to an alternative right of access to legal materials. *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000). Even if his stay in the psychiatric unit caused him to miss a court deadline, Alexander was not deprived of any federally protected right; at most, Cook County declined to accommodate him once he refused the one form of legal assistance to which he was entitled.

As for his Fourteenth Amendment claim, Alexander alleged that his detention in the psychiatric unit was intended to prevent him from defending himself against misconduct charges before a jail hearing board, but Alexander submitted an affidavit to the district court conceding that he succeeded in getting the charge dismissed. Cook County and Dr. Shan were thus entitled to summary judgment.

We turn finally to Alexander's various motions. Alexander complains that he would have presented a stronger case at summary judgment had the district court granted his motion under Federal Rule of Civil Procedure 56(f) and given him more time to conduct discovery before making him respond to the defendants' motion, but we agree with the district court that the information Alexander sought——chiefly Dr. Shan's employment and tax records, but also records pertaining to Cook County's employees and codes of conduct——was not relevant. *See Grayson v. O'Neill*, 308 F.3d 808, 816-17 (7th Cir. 2002) (holding that district court does not abuse its discretion in denying Rule 56(f) motion aimed at "fishing expedition").

Alexander also seeks to overturn the district court's denial of his motion to file a third amended complaint against Judge Reid (the motion was captioned as one under Federal Rule of Civil Procedure 60(b), but the district court liberally construed it as a motion to amend). Alexander offered the proposed amendment after the district court had already held that Judge Reid was entitled to absolute immunity from the suit. The proposed amendment did not offer substantial new arguments or allege relevant new facts, but merely rehashed the same arguments that the court had already rejected. There was no abuse of discretion.

The district court also denied Alexander permission to amend his complaint to add various individual employees of Cook County as defendants. The court reasoned that the statute of limitations had expired and the proposed amendment did not relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(3). We again concur. Rule 15(c)(3) does not allow relation back simply because, as Alexander contends is the case here, a plaintiff wanted to sue a particular defendant but was unaware of his identity or existence. Rather, it applies when there has been an error as to the identity of the proper party. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Alexander did not make a mistake as to the identity of a proper defendant; he merely neglected to sue the defendants he wanted to add or, in their place, John and Jane Does. The district court did not err by refusing Alexander permission to amend his complaint.

Finally, Alexander made a motion in the district court under 28 U.S.C. § 455(a), asking the district court judge to recuse herself because of the appearance of partiality, which the judge denied. Alexander petitioned for a writ of mandamus, which is the only appellate review possible for a denial of a § 455(a) motions.

*O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001).  Another panel of this court denied that petition, and we cannot revisit the issue.  *Id.*

AFFIRMED.