Charles WILLIAMS, Plaintiff–Appellant,

v.

Melinda MANNLEIN, et al., Defendants–Appellees.

No. 15–3239.

United States Court of Appeals, Seventh Circuit.

Feb. 22, 2016.*

Charles Williams, Peoria, IL, pro se.

Steven W. Giebelhausen, Peoria, IL, Nadine J. Wichern, Office of the Attorney General, Chicago, IL, for Defendant–Appellee.

Before FRANK H. EASTERBROOK, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, DIANE S. SYKES, Circuit Judge.

## ORDER

Charles Williams, a resident of Peoria, Illinois, complained to Animal Protection Services, a county agency, after a neighbor's dog chased him down the street. APS cited the neighbor for keeping a "nuisance" animal, and an assistant state's attorney was assigned to prosecute the citation (a civil matter that the Illinois courts characterize as "quasi-criminal," *see, e.g.,*

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

*City of Rockford v. Custer,* 404 Ill.App.3d 197, 344 Ill.Dec. 244, 936 N.E.2d 773, 774–75 (2010)). The neighbor was acquitted at a bench trial, but six months later the dog again chased Williams, leading to another citation and prosecution. This time the neighbor pleaded guilty and was fined.

Williams then filed this action. His amended complaint, which invokes 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d–7, names as defendants the assistant state's attorney, the judge who presided over both prosecutions, and the (now retired) director of APS. During the neighbor's trial, he says, the prosecutor and judge discriminated against him on the basis of race—the prosecutor by not eliciting his testimony that the dog had run amok on other occasions, and the judge by acquitting the neighbor. The amended complaint does not allege any misconduct by the director of APS. The district court, in dismissing the lawsuit on the defendants' motion, reasoned that the judge had absolute immunity and that Williams had not stated a claim as to the remaining defendants.

Williams appeals the dismissal only as to the prosecutor and the director of APS. Yet there are no allegations in the complaint against the director of APS and no allegations of discrimination by the prosecutor. Moreover, the prosecutor has absolute immunity from liability arising from the performance of her prosecutorial duties (which includes prosecution of civil violations). *See Thomas v. City of Peoria,* 580 F.3d 633, 638–39 (7th Cir.2009); *Smith v. Power,* 346 F.3d 740, 742 (7th Cir.2003); *Mendenhall v. Goldsmith,* 59 F.3d 685, 691 (7th Cir.1995).

This appeal is frivolous. We order Williams to show cause within 14 days why the court should not impose sanctions under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal. If Williams fails to pay any fine imposed as a sanction, he may be barred from filing any other litigation in this circuit until he has done so. *See Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995).

AFFIRMED.