James **BARKSDALE**, Plaintiff-Appellant,

v.

Joseph **JOYCE**, et al., Defendants-Appellees.

No. 17-1863

United States Court of Appeals, Seventh Circuit.

Submitted August 30, 2017 *

Decided August 31, 2017

Rehearing Denied October 17, 2017

James Barksdale, Illinois Department of Human Services, Treatment and Detention Facility, Rushville, IL, Plaintiff-Appellant

Before DIANE P. WOOD, Chief Judge WILLIAM J. BAUER, Circuit Judge FRANK H. EASTERBROOK, Circuit Judge

**ORDER**

Invoking 42 U.S.C. § 1983, James Barksdale sued a judge, prosecutors, and witnesses for allegedly violating his right to due process in connection with his commitment as a sexually violent person. *See* 725 ILCS 207. The district court dismissed Barksdale's suit at screening, 28 U.S.C. § 1915(e)(2)(B). We affirm because the suit

---

* The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

is blocked by the defendants' absolute immunity.

The defendants are a state judge, a state's attorney and assistants state's attorney, the Illinois Attorney General and assistants attorney general, and psychologists with the Illinois Department of Human Services. Barksdale asserts that during judicial proceedings in 2006, and again in 2016, they lied to avoid releasing him on parole and to commit him as a sexually violent person to the Rushville Detention and Treatment Center. In dismissing the complaint, initially without prejudice, the district court encouraged Barksdale to explore whether he could amend his complaint to overcome several obstacles: First the state judge and prosecuting attorneys have absolute immunity. Second monetary damages are likely barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which requires that a person like Barksdale who believes that he is wrongfully in custody must first obtain release from custody before seeking damages. And third the statute of limitations on some claims had likely run. The district court gave Barksdale two months to amend his complaint, but when he failed to do so, it dismissed his lawsuit with prejudice.

On appeal Barksdale repeats the assertions in his complaint, but he has done nothing to address the obstacle of immunity that the district judge identified. The state judge and the prosecutors have absolute immunity from suit for acts, like those alleged here—statements during judicial proceedings—that fall within the scope of their official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 423, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors and judges have absolute immunity because of "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties."). The immunity shields them from liability even if those statements are malicious or unreasonable. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)); *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1015 (7th Cir. 2000). Witnesses also enjoy absolute immunity for their testimony. The immunity thus shields the psychologists who testified in support of Barksdale's commitment. *Briscoe v. LaHue*, 460 U.S. 325, 345–46, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

That is enough to affirm. The only remaining matter is Barksdale's pending motion asking us to recruit counsel for him on appeal. Because a lawyer could do nothing to overcome the immunity defense that blocks this suit, the motion is DENIED. *Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc).

AFFIRMED.