**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021[*]
Decided May 20, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2179

| | |
|---|---|
| JAY F. SHACHTER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18-cv-05504 |
| CITY OF CHICAGO, et al., | Mary M. Rowland, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

The City of Chicago obtained an order from the Circuit Court of Cook County authorizing it to remove from Jay Shachter's property all foliage that was hazardous or a nuisance. After city officials executed the order by removing all trees and plants from his yard, Shachter sued the City and the three attorneys who obtained the order. He alleged that they destroyed his property without due process and in violation of state law. The district court granted the defendants' motion to dismiss. It correctly reasoned

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

that the attorneys had absolute prosecutorial immunity from this suit for damages and that Shachter did not adequately allege a basis for municipal liability. Thus we affirm.

The City and Shachter have a protracted history of disputes over alleged municipal code violations on his property. In reviewing the dismissal of Shachter's current suit, we accept his well-pleaded facts as true, draw reasonable inferences in his favor, and "take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). In July 2017, Shachter discovered that the plants and trees in his backyard had been killed or removed. Several months earlier, the City and three of its attorneys had filed what Shachter calls a "quasi-criminal complaint" against him. It charged that he harbored hazardous dead plants in his yard and the City needed to abate them. Shachter alleges that he never received a summons or the complaint in the case and that the City and its attorneys lied to the state court about service of process and the hazards in his yard. He further alleges that, after an ex parte hearing, the state court issued an abatement order authorizing the City to remove "all foliage which is a safety hazard or a nuisance" from Shachter's property. After learning about the order, Shachter moved to quash service of process, but before the state court heard his motion (and while he was out of town), the City executed the order and destroyed the trees and plants in his yard.

Shachter sued the City and the three attorneys. The case started in the Circuit Court of Cook County, where he alleged three sets of claims. First, he brought state-law claims for property damage against the defendants for exceeding the scope of the abatement order. Second, he raised due-process claims under 42 U.S.C. § 1983 against the defendants for lying to the court both about the danger posed by his trees and plants and about service of process. Finally, he alleged claims under two criminal statutes—720 ILCS 5/21-1(a)(1) (criminal damage to property) and 18 U.S.C. § 242 (criminal violation of civil rights). After removing the case to federal court, the defendants moved to dismiss it on the grounds of prosecutorial immunity and for failure to state a claim.

The district court granted the defendants' motion to dismiss. It concluded that prosecutorial immunity shielded the attorneys from damages on all of the claims because their alleged conduct stemmed from prosecuting an enforcement action against Shachter. It also dismissed the state-law claim for property damage against the City because the Illinois Tort Immunity Act bars a public entity from liability for the conduct of its employees when the employees are not liable. See 745 ILCS 10/2-109. As for the

§ 1983 claim against the City, the court ruled that Shachter failed to identify a policy or practice that could establish municipal liability under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Finally, the court reasoned that neither of the criminal statutes Shachter cited provided a private right of action.

The district court gave Shachter leave to replead his claims, but after he amended his complaint, the court dismissed it with prejudice. Shachter incorporated all of the facts and claims from his earlier complaint and added two new allegations. First, he alleged that the City of Chicago had a "pattern of filing false complaints" and "a pattern of deliberately rushing to execute such work orders" in nuisance-abatement cases. Second, he accused the city attorneys of acting beyond the scope of "their legitimate functions of lawyers for the City of Chicago, and their acts were motivated by malice." The court ruled that these allegations failed to overcome the City's protection from municipal liability or the attorneys' absolute immunity.

On appeal Shachter first argues that the district court erred by dismissing his § 1983 claim against the attorneys based on prosecutorial immunity. He contends that the immunity in civil proceedings is not as expansive as in criminal proceedings. And in any case, he adds, it does not apply here because the attorneys exceeded their duties by lying to the court and interpreting the court's order to remove all the trees and plants in his yard, rather than just "foliage" (which, Shachter contends, means only leaves).

The district court properly dismissed the § 1983 claim against the attorneys. Prosecutors have absolute immunity from suits under § 1983 for damages. See *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The immunity covers civil proceedings where the prosecutor "'function[s] in an enforcement role analogous to' his role in criminal proceedings." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2002) (quoting *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995)). That is what Shachter alleges here: The city attorneys went to court to prosecute violations of the City's code that regulates public safety and to enforce its remedies. Even Shachter concedes in his complaint that the attorneys' enforcement action was "quasi-criminal." The conduct that Shachter highlights (the attorneys filed evidence of violations and service of process, and they implemented the state court's order) falls squarely within the prosecutor's role in a judicial proceeding. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–71 (1993). His allegation that, in carrying out these acts, the attorneys lied maliciously or misinterpreted the order does not save his claim because the immunity covers prosecutors who act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith*, 346 F.3d at 742 (absolute immunity bars

suit against city attorney who allegedly obtains order to demolish house in retaliation for homeowner's speech) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)).

Shachter next contends that the district court should have allowed his claim against the City to proceed, but the court properly dismissed this claim as well. Shachter failed to provide any facts that plausibly suggest that a policy or widespread practice of the City caused his alleged injuries. See *Monell*, 436 U.S. at 690–92. He focuses on the actions of the city attorneys in this one abatement case, without supplying any facts from which we can infer that the City has a policy, pattern, or practice of this conduct. See *McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011). True, Shachter added in his amended complaint that the City has a "pattern of filing false complaints," but he just recited a legal conclusion, which is insufficient to state a plausible claim. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *McCauley*, 671 F.3d at 616 (conclusory allegations not entitled to same presumption of truth as well-pleaded facts). Shorn of its legal conclusions, the complaint thus provided no facts suggesting that any of the alleged actions of the attorneys extend beyond Shachter's situation.

Finally, Shachter argues that the district court should have remanded his state-law claims to the Circuit Court of Cook County, but the court reasonably decided to dismiss these claims with prejudice. If an obvious interpretation of state law makes clear that a plaintiff's claim cannot proceed, then the federal court should rule on it rather than remand it to state court. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1353 (7th Cir. 1997). Like federal law, Illinois state law provides prosecutors with absolute immunity, see *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018), so Shachter's state-law claims against the attorneys fail for the same reasons as his federal claim. And the state-law claim against the City cannot proceed either because, as the district court correctly observed, Illinois law shields public entities from liability where, as here, no employee is liable. See 745 ILCS 10/2-109.

We have reviewed Shachter's other arguments, and none has merit.

AFFIRMED